UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GLEND MARIE PRIESTLEY, | Case No. 2:21-CV-1657 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| JOM SHIELDS, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Glenda Marie Priestley's ("plaintiff") motion to remand. (ECF No. 6 at 1). Defendants Jon and Misty Shields ("defendants") filed a response in opposition. (ECF No. 8 at 1). Plaintiff filed a reply to defendants' response. (ECF No. 9 at 1).

**I.   Background**

The instant action arises from a trip and fall incident that occurred on May 25, 2019, at defendants' Airbnb property ("the property") in Las Vegas. (ECF No. 1-2 at 3-4). While staying at the property, plaintiff tripped over a step located in the property's garage which had been converted to a bedroom. (*Id.* at 4). Plaintiff alleges this caused her to suffer "severe and debilitating injuries, including but not limited to a fractured hip." (*Id.*) Plaintiff subsequently filed a complaint in Nevada state court against defendants, alleging negligence. (*Id.* at 5-7).

At the time the complaint was filed, plaintiff also named Airbnb, Inc. as a defendant. (ECF No. 6 at 2). This defeated diversity jurisdiction because both plaintiff and defendant Airbnb, Inc. are California citizens. (*Id.*). On August 6, 2021, Airbnb, Inc. was dismissed from this action creating complete diversity of citizenship between the parties. *Id.*

Plaintiff's complaint stated her past and future damages to be "in excess of Fifteen Thousand Dollars ($15,000)," which is the jurisdictional threshold for filing in Nevada state

**James C. Mahan**
**U.S. District Judge**

court. (ECF No. 8 at 4). Aside from the statement that plaintiff's fall caused a fractured hip and that those damages exceed Fifteen Thousand Dollars ($15,000), the complaint does not provide additional facts or information as to the extent of damages caused by plaintiff's injuries. (ECF No. 1-2).

On August 9, 2021, plaintiff served defendants a settlement demand contending medical specials of $246,659 as of that date and demanding $995,000 to settle the matter. (ECF No. 4 at 2). On September 8, 2021, defendants filed a petition for removal claiming this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 based on complete diversity between the parties and an amount in controversy exceeding $75,000. (*See* ECF No. 8 at 4).

Plaintiff now moves to remand, arguing defendants' petition for removal was untimely pursuant to 28 U.S.C. § 1446(b). (ECF No. 6 at 1).

**II.    Legal Standard**

" 'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.' " *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts

James C. Mahan
U.S. District Judge

- 2 -

1   necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)).  "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable.  *Id*. (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand.  28 U.S.C. § 1447(c).  On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

### III. Discussion

The primary issue here is whether defendants' removal was timely.  Defendants filed their notice of removal on September 8, 2021.  (ECF No. 8).  Plaintiff argues this was not timely because defendants had proper notice of diversity jurisdiction on August 6, 2021, when the court dismissed Airbnb, Inc. from the lawsuit, thus resulting in a September 5, 2021, deadline for proper removal pursuant to 28 U.S.C. § 1446(b).  (ECF No. 6).  Defendants argue that they were not on notice of removability until August 9, 2021, when they received the settlement letter demanding more than $75,000, thus rendering their September 8, 2021, removal timely.

The parties do not dispute that diversity of citizenship existed once Airbnb, Inc. was dismissed from the lawsuit.  (ECF No. 6 at 2; ECF No. 8 at 5).  Instead, they dispute whether defendants were on notice that the amount in controversy exceeded $75,000 based on the face of the complaint.

Under 28 U.S.C. § 1332, the parties must be completely diverse *and* the amount in controversy must exceed $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089 (9th Cir. 2003).  Diversity jurisdiction is "to be assessed at the time the lawsuit is commenced." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 429 (1991).  If the case stated by the initial pleading is not removable, a defendant may file a notice of removal within thirty days after receiving a copy of

**James C. Mahan**
**U.S. District Judge**

- 3 -

an amended pleading or "other paper" from which it may first be ascertained that the case has become removable. 28 U.S.C. § 1446 (b)(3). A removing defendant has the burden to prove by a preponderance of the evidence that the jurisdictional amount is met. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

In particular, notice of removability "is determined through an examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The initial pleading must "affirmatively reveal"[] on its face" the facts necessary for federal court jurisdiction. *Id.* at 691.

Moreover, when a plaintiff's complaint does not provide enough information to discern diversity jurisdiction, defendants are not required to take a "blind leap" and file for removability without the required information. *Durham*, 445 F.3d at 1251. Doing so would mean requiring the defendant to subject themselves to "fees, costs, and possibly even Rule 11 sanctions for filing a baseless notice of removal." *Id.*

Plaintiff argues that their original complaint on its face provided the defendants with sufficient notice that the amount in controversy exceeded $75,000 because the complaint stated she suffered "severe and debilitating injuries, including but not limited to a fractured hip." (ECF No. 6 at 1). Defendants counter that while plaintiff's complaint described her injuries as "severe" and inclusive of a fractured hip, these allegations, unaccompanied by further information, documentation, or computation of damages, do not affirmatively reveal that the amount in controversy would exceed $75,000. (ECF No. 8 at 4). Defendants contend they could not have—in "good faith" and in accordance with Rule 11—removed this action to federal court based on the initial "indeterminate" pleading. (*Id.* at 5). The court agrees with defendants' position.

While the initial complaint alleged that plaintiff suffered "severe and debilitating injuries, including but not limited to a fractured hip" with damages in excess of $15,000, the court finds this did not *affirmatively* reveal to the defendant that the amount in controversy exceeded the statutory minimum. Further inquiry regarding the extent of her injuries and associated damages

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  was needed to establish the amount in controversy by a preponderance of the evidence, and the
2  Ninth Circuit has explicitly held that such a duty is not incumbent on the defendant. *Harris*, 425
3  F. 3d at 694.

4  Indeed, holding for the plaintiff would obfuscate the standard of removability.
5  Defendants would be faced with the infeasible decision of either attempting to divine the total
6  amount in controversy based on an indeterminate complaint or risk missing their window of
7  removability.

8  Plaintiff defends the indeterminate damages in her complaint in part by asserting that she
9  was precluded from specifying damages in excess of $15,000 pursuant to Nevada Rule of Civil
10 Procedure 8(a)(4). (ECF No. 9 at 2). Putting the merits of that statutory construction aside, the
11 court does not hold that precise calculations of damages are required in order to place defendants
12 on notice for removability. For example, this court recently held that a personal injury complaint
13 that did not specify damages above the $75,000 threshold, but did allege the need for several
14 surgeries and chemotherapy in response to cancer allegedly caused by defendant, was sufficient
15 notice that the amount in controversy "rose above speculation" that it could exceed the federal
16 threshold. *Brooks v. Sanofi*, Case No. 2:20-CV-565-JCM-EJY, 2020 WL 1847682 (D. Nev.
17 April 13, 2020).

18 In contrast, plaintiff's complaint here does not allege sufficient information to escape
19 such speculation. Accordingly, the court finds that defendants did not receive notice of
20 removability until they were served with the settlement demand letter requesting an aggregate of
21 more than one million dollars on August 9, 2021. Therefore, defendants' removal on September
22 8, 2021, was timely and this case is properly in federal court.

23 . . .
24 . . .
25 . . .
26 . . .
27 . . .
28 . . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

**IV.    Conclusion**

Accordingly, and pursuant to the foregoing,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand (ECF No. 6) be, and the same hereby is, DENIED.

DATED January 31, 2022.

_____
UNITED STATES DISTRICT JUDGE