RYAN L. DENNETT, ESQ.
Nevada Bar No. 005617
rdennett@dennettwinspear.com
BRENT D. QUIST, ESQ.
Nevada Bar No. 009157
bquist@dennettwinspear.com
**DENNETT WINSPEAR, LLP**
3301 N. Buffalo Drive, Suite 195
Las Vegas, Nevada  89129
Telephone:    (702) 839-1100
Facsimile:     (702) 839-1113
*Co-counsel for Defendants,*
*Jon Shields and Misty Shields*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GLENDA MARIE PRIESTLEY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JON SHIELDS, an individual; MISTY SHIELDS, an individual; DOES 1 through 20, inclusive, and ROE BUSINESS ENTITIES 1 through 20, inclusive,<br><br>Defendants. | Case No:  2:21-CV-01657-JCM-DJA |

### STIPULATION AND ORDER TO ALLOW DEFENDANT TO CONDUCT A FED.R.CIV.P. 35 EXAM OF PLAINTIFF GLENDA MARIE PRIESTLEY

Plaintiff GLENDA MARIE PRIESTLEY, by and through his counsel of record, BERTOLDO BAKER CARTER & SMITH, and JON and MISTY SHIELDS, by and through their counsel of record, DENNETT WINSPEAR, LLP, hereby stipulate to the NRCP 35(a) examination of Plaintiff GLENDA MARIE PRIESTLEY.

1.  The Rule 35 examination of Plaintiff is currently scheduled to take place with Dr. John Herr on [date] at [time].

. . .

. . .

. . .

1    2.	All paperwork to be completed by Plaintiff shall be provided to Plaintiff's counsel at least ten (10) days prior to the examination for Plaintiff's counsel to review and for Plaintiff to complete. Plaintiff will bring the completed paperwork to the examination, which will help to ensure timely completion of the examination.

3.	Defendants' representatives shall be responsible for gathering films unless already in Plaintiff's possession.

4.	Plaintiff may audio record the examination. Dr. Herr may also audio record the examination. Plaintiff's audio recording and Dr. Herr's audio recording shall be disclosed within fourteen (14) days of the examination.

5.	Defense shall not have anyone other than the physician and his staff attend the examination.

6.	Plaintiff may have an observer attend the examination. Plaintiff shall identify to the defense, within ten (10) days prior to the examination, the name of the observer and relationship to the Plaintiff. The observer will not be Plaintiff's attorney or an employee of Plaintiff's attorney's office.

7.	The observer may not interfere or obstruct the examination in any way. If Dr. Herr believes the observer is interfering or obstructing with the examination in any way, Dr. Herr may pause the examination and contact defense counsel. Counsel will meet and confer regarding the issue. If, after the observer is informed not to interfere or obstruct with the examination, the observer continues to interfere or obstruct the examination then Dr. Herr may terminate the examination. If that occurs, Defendants shall have the right to have Dr. Herr resume the Rule 35 exam at another date/time, with another observer present. Plaintiff will be responsible to pay Dr. Herr's costs/expense associated with this second, continued examination.

8.	Video-recording of the examination will not be permitted.

. . .

. . .

. . .

. . .

2

9. It is expected that the exam will start within thirty (30) minutes of the scheduled starting time and Plaintiff's time in the physician's office will not exceed ninety (90) minutes from the scheduled start time. If either of these time frames are exceeded, Plaintiff will call his counsel and Plaintiff's counsel will contact Defendants' counsel and attempt to rectify the situation. If the parties are unable to rectify the situation at that time, the parties will work together to reschedule the Rule 35 examination at a mutually convenient time for Plaintiff and the doctor. Plaintiff will not be responsible for any costs which may be incurred if the Rule 35 Exam must be rescheduled due to the time limits set forth herein being exceeded.

10. If Plaintiff fails to appear for the Rule 35 Exam, Plaintiff will not be required to pay the costs associated with Plaintiff's failure to appear if the parties determine the failure to appear was due to an emergency. If the parties are unable to agree as to whether the reason for Plaintiff's failure to attend the exam constituted an emergency, the parties agree to submit the issue to the Magistrate Judge. Plaintiff will not be responsible to pay the costs associated with his failure to appear at the exam if the Magistrate Judge determines an emergency situation was the cause for Plaintiff's failure to appear at the exam. Otherwise, Plaintiff will be required to pay the costs associated with his failure to appear at the exam.

11. Dr. Herr will not engage in contact with Plaintiff's witnesses including treating health care providers and retained experts.

12. The physical examination shall be limited to the parts of the body which bears a reasonable relationship to the body parts that Plaintiff has placed in controversy.

13. No physically painful or intrusive procedures may be utilized during the examination, nor shall Plaintiff be required to disrobe other than what is absolutely necessary to assist the examiner.

14. No x-rays, radiographs or other diagnostic tests, intrusive or painful procedures, or treatment may be obtained during the examination without Plaintiff's counsel's prior approval.

. . .

. . .

. . .

3

15. Defendants will produce a copy of Dr. Herr's Rule 35 exam report by the deadline for initial expert disclosures established by the modified Scheduling Order.

DATED this 7th day of February, 2023.                DATED this 7th day of February, 2023

**DENNETT WINSPEAR, LLP**                             **BERTOLDO BAKER CARTER & SMITH**


By____/s/ Ryan L. Dennett____                         By__/s/ Paul R.M. Cullen_____
RYAN L. DENNETT, ESQ.                                 PAUL R. M. CULLEN, ESQ.
Nevada Bar No. 005617                                 Nevada Bar No. 012355
BRENT D. QUIST, ESQ.                                  7408 w. Sahara Avenue
Nevada Bar No. 009157                                 Las Vegas, Nevada 89117
3301 N. Buffalo Drive, Suite 195                      **Attorneys for Plaintiff**
Las Vegas, Nevada 89129
***Attorneys for Defendants***

## ORDER

The Court denies the stipulation for a Rule 35 exam without prejudice because it contains a few deficiencies.

First, the parties refer to the Nevada Rules of Civil Procedure as the source for their Rule 35 examination. However, "[u]nder the *Erie* doctrine, a federal court sitting in diversity must apply the substantive law of the forum state and federal procedural law." *Freteluco v. Smith's Food and Drug Centers, Inc.*, 336 F.R.D. 198, 202 (D. Nev. June 29, 2020) (applying *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938) to determine that Federal Rule of Civil Procedure 35 governs a court-ordered exam).

Second, under Federal Rule of Civil Procedure 35(a)(2)(B), an order setting an exam "must specify the time... [and] place ...of the examination." But those details are missing here.

**IT IS THEREFORE ORDERED t**hat the parties' stipulation (ECF No. 25) is **DENIED WITHOUT PREJUDICE.**

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: February 9, 2023

4

# Theresa Amendola

| | |
|---|---|
| **From:** | Paul Cullen <Paul@nvlegaljustice.com> |
| **Sent:** | Tuesday, February 7, 2023 4:24 PM |
| **To:** | Theresa Amendola |
| **Cc:** | Brent Quist |
| **Subject:** | RE: Priestly v Shields |

Thank you.  You have my permission to esign.

**Paul R.M. Cullen, Esq.**
**BERTOLDO CARTER SMITH & CULLEN**
7408 W. Sahara Avenue, Las Vegas, Nevada  89117
Telephone 702.800.0000 | Fax 702.228.2333
*email:* paul@nvlegaljustice.com









*This email and any attachments hereto are confidential and intended solely for the use of the individual or entity to whom they are addressed.  If you have received this message in error, please contact the sender at (702) 800-0000 and delete all copies from your system.  It is not the intent of the sender to solicit any person or business.  Please note that any opinions in this email are solely those of the author and do not necessarily represent those of **Bertoldo Carter Smith & Cullen**.  Any views or opinions are not to be considered legal advice.  Should you need legal advice in the state of Nevada, please contact **Bertoldo Carter Smith & Cullen**.  All attorneys at **Bertoldo Carter Smith & Cullen** are licensed in Nevada.  Finally, the recipient should check this email and any attachments for viruses.  The company accepts no liability for any damage or loss caused by any virus inadvertently transmitted by this email*

**From:** Theresa Amendola <tamendola@dennettwinspear.com>
**Sent:** Tuesday, February 7, 2023 4:00 PM
**To:** Paul Cullen <Paul@nvlegaljustice.com>
**Cc:** Brent Quist <bquist@dennettwinspear.com>
**Subject:** Priestly v Shields

**\*\* Notice, this email is from an External Source. Use caution when clicking links or opening attachments \*\***

Mr. Cullen:

1

I had to change the pagination on the Stip as the Judges in Fed Court don't like their Orders on pages that have no other text. It is the same – just repaginated. I wanted you to know that so when I file it and it looks different, you will know why.

Thank you.

Theresa

*Theresa Amendola*
Assistant to
Ryan L. Dennett, Esq.
Jennifer Insley Micheri, Esq.
Meredith L. Holmes, Esq.

Direct dial: 702-932-2625

My normal working hours are Monday through Thursday from 8:30 a.m. to 5:00 p.m.



3301 North Buffalo Drive, Suite 195
Las Vegas, Nevada 89129
702.839.1100 voice – extension 810
702.839.1113 fax

CONFIDENTIALITY NOTICE: INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE RECIPIENT(S) NAMED ABOVE. This message may be an Attorney-Client communication, or may be an Attorney Work Product, and is therefore privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to an intended recipient, you are hereby notified that you have received this message in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you received this message in error, please notify the sender immediately by return email, delete the message and return any hard copy printouts to the address above. Thank you.